Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| IVELISSE DÁVILA  Recurrida  v.  PALMAS DEL MAR HOMEOWNERS ASSOCIATION, INC. Y OTROS  Peticionarios | KLCE202500123 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Humacao  Caso Núm.: HU2023CV00468  sobre: Daños y Perjuicios |

Panel integrado por su presidente, el juez Figueroa Cabán, el juez Salgado Schwarz y el juez Monge Gómez

**Figueroa Cabán, Juez Ponente**

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 10 de febrero de 2025.

Comparece Palmas Athletic Club, Corp, en adelante PAC o la peticionaria, quien solicita que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Humacao, en adelante TPI, el 19 de septiembre de 2024 y notificada el día 20 del mismo mes y año. Mediante la misma, el TPI declaró no ha lugar la solicitud de sentencia sumaria presentada por la peticionaria.

Conforme permite la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, este Tribunal puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, ello "con el propósito de lograr su más justo y eficiente despacho […]".[1] En consideración a lo

---

[1] 4 LPRA Ap. XXII-B, R. 7 (B) (5).

Número Identificador

RES2025 _____

anterior, relevamos a la recurrida de presentar su alegato en oposición a la expedición del auto.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari* y se declara no ha lugar la *Moción en Auxilio de Jurisdicción para Paralizar los Procedimientos ante el Tribunal de Primera Instancia*.

**-I-**

En el contexto de una *Demanda*[2] sobre daños y perjuicios por una caída en las inmediaciones de Palmas del Mar Plantation, ubicado en el municipio de Humacao, PAC presentó una *Solicitud de Sentencia Sumaria*[3] por insuficiencia de prueba. Alegó que la señora Ivelisse Dávila, en adelante la señora Dávila o la recurrida, "carece de prueba para sostener sus reclamaciones de negligencia en contra del PAC, y mucho menos para demostrar que este último omitió algún deber de cuidado y que tal omisión fue la que ocasionó el accidente de la demandante". Sostuvo que los daños sufridos por la señora Dávila fueron causados por la negligencia y temeridad de aquella, quien "asumió el riesgo al utilizar una ruta la cual no estaba destinada para el uso peatonal, aun teniendo a su disposición una vía segura para acceder a su vehículo".

Por su parte, la recurrida presentó una *Oposición a "Solicitud de Sentencia Sumaria"*.[4] En síntesis, adujo que cuenta con prueba suficiente para demostrar que la peticionaria "tenía conocimiento de que las personas caminaban y se ejercitaban por las áreas verdes" por lo que "era previsible que alguien se cayera debido a la

---

[2] Apéndice de la peticionaria, págs. 1-6.
[3] *Id.*, págs. 7-106.
[4] *Id.*, págs. 125-210.

depresión allí existente". Adujo que PAC debe responder en tanto no colocó barreras o rótulos para alertar el camino que los visitantes pueden o no utilizar.

Con el beneficio de la comparecencia de las partes, el TPI declaró no ha lugar la *Solicitud de Sentencia Sumaria* y ordenó la celebración del juicio.[5] Determinó que los siguientes hechos están en controversia:

1. Si el 23 de enero de 2023, (fecha que se alega ocurrió el accidente), la demandante llevaba alrededor de un mes y medio asistiendo a las facilidades del Palmas del Mar Country Club para realizar ejercicios consistentes en caminatas al menos de dos (2) a tres (3) veces en semana.

2. Si existía algún obstáculo que le impidiera a la demandante utilizar la acera y el acceso peatonal y la obligara a desviarse por la grama para llegar a su vehículo.

3. Si al pasar por cierta área de la grama, pisó en falso debido a que había un hoyo.

4. Si por motivo del accidente la demandante se dobló el tobillo y calló al piso.

5. Si a simple vista no se podía percibir la presencia de un hoyo en la grama.

6. Si PAC tenía conocimiento o debía tener conocimiento de la alega [*sic*.] condición de peligrosidad, entiéndase la existencia del hoyo en la grama.

7. Si PAC tenía un deber de actuar para arreglar el alegado hoyo en la grama.[6]

Insatisfecha, la peticionara presentó una *Moción de Reconsideración*,[7] que el TPI declaró no ha lugar[8].

Aun inconforme, PAC presentó una *Petición de Certiorari* en la que alega que el TPI cometió los siguientes errores:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR SUMARIAMENTE LA DEMANDA POR ENTENDER QUE EXISTEN ASUNTOS DE CREDIBILIDAD, CULPA Y

---

[5] *Id.*, págs. 107-114.
[6] *Id.*, pág. 109.
[7] *Id.*, págs. 115-124.
[8] *Id.*, pág. 237.

NEGLIGENCIA QUE DEBEN ATENDERSE EN UN JUICIO PLENARIO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE ESTÁ EN CONTROVERSIA SI EXISTÍA ALGÚN OBSTÁCULO QUE LE IMPIDIERA A LA DEMANDANTE UTILIZAR LA ACERA, AÚN CUANDO ESTO FUE UN HECHO ESTIPULADO ENTRE LAS PARTES EN EL INFORME DE CONFERENCIA CON ANTELACIÓN A JUICIO.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO DESESTIMAR EL RECLAMO SUMARIAMENTE, A PESAR DE QUE EXISTE EVIDENCIA SUFICIENTE PARA DEMOSTRAR QUE HABIENDO UNA ACERA DISPONIBLE Y QUE PUDO SER UTILIZADA POR LA RECURRIDA PARA LLEGAR SEGURA A SU VEHÍCULO DE MOTOR, ESTA DECIDIÓ VOLUNTARIAMENTE HACER USO DE LA GRAMA PARA ATRECHAR LA LLEGADA A SU AUTO, DE MANERA QUE, A BASE DE SU PROPIO TESTIMONIO BAJO JURAMENTO, QUEDÓ EVIDENCIADO QUE NO HUBO NEGLIGENCIA U OMISIÓN ALGUNA DE PARTE DE PAC.

Con su recurso presentó una *Moción en Auxilio de Jurisdicción para Paralizar los Procedimientos ante el Tribunal de Primera Instancia*.

Luego de revisar el escrito de la peticionaria y los documentos que obran en autos, estamos en posición de resolver.

## -II-

Como cuestión de umbral, la Regla 52.1 de Procedimiento Civil establece el alcance de la revisión discrecional de las resoluciones u órdenes interlocutorias emitidas por el Tribunal de Primera Instancia en los siguientes términos:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia[…].[9]

---

[9] Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V).

**1.**

Rebasado el umbral establecido en la Regla 52.1 de Procedimiento Civil, *supra*, corresponde a este tribunal intermedio determinar si procede revisar la determinación interlocutoria recurrida.

A esos efectos, el auto de *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[10] Distinto al recurso de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[11] Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera.[12]

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Sobre el particular dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

---

[10] *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *García v. Padró*, 165 DPR 324, 334 (2005).
[11] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 729; *García v. Padró*, *supra*, pág. 334.
[12] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 847; *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711-712 (2019); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

D.   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.   Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.   Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[13]

**-III-**

Por tratarse de una moción dispositiva tenemos facultad para atender la controversia.

Sin embargo, luego de revisar cuidadosamente los escritos de las partes y los documentos que los acompañan, consideramos que ni el remedio ni la disposición de la *Resolución* recurrida son contrarios a derecho. Regla 40 (A) del Reglamento del Tribunal de Apelaciones, *supra*.

A esto hay que añadir, que la etapa en que se presenta el recurso no es la más propicia para su consideración. Regla 40(E) del Reglamento del Tribunal de Apelaciones, *supra*. Y, además, la expedición del auto dilataría indeseablemente la solución final del litigio. Regla 40(F) del Reglamento del Tribunal de Apelaciones, *supra*.

Finalmente, no encontramos ninguna situación al amparo de los restantes criterios de la Regla 40 que justifiquen la expedición del auto.

---

[13] *Torres González v. Zaragoza Meléndez*, *supra*, pág. 848; *Mun. Caguas v. JRO Construction, Inc.*, *supra*; 4 LPRA Ap. XXII-B, R. 40.

**-IV-**

Por los fundamentos previamente expuestos, se deniega la expedición del recurso de *certiorari* y se declara no ha lugar la *Moción en Auxilio de Jurisdicción para Paralizar los Procedimientos ante el Tribunal de Primera Instancia*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Salgado Schwarz disiente. Paralizaría el trámite apelativo y atendería el *certiorari* por insuficiencia de la prueba.

**Notifíquese inmediatamente.**


                              Lcda. Lilia M. Oquendo Solís
                        Secretaria del Tribunal de Apelaciones